UNITED STATES of America,
Plaintiff–Appellee,

v.

Lloyd George MAXWELL, Sr.,
Defendant–Appellant.

United States of America,
Plaintiff–Appellee,

v.

Lloyd George Maxwell, Sr.,
Defendant–Appellant.

Nos. 02–7456, 02–7638.

United States Court of Appeals,
Fourth Circuit.

Submitted May 29, 2003.

Decided June 5, 2003.

Lloyd George Maxwell, Sr., Appellant
Pro Se. Thomas More Hollenhorst, Assis-
tant United States Attorney, Alexandria,
Virginia, for Appellee.

Before WILKINSON, MICHAEL, and TRAXLER, Circuit Judges.

Dismissed by unpublished PER CURIAM opinion.

## OPINION

PER CURIAM.

Lloyd George Maxwell, Sr., appeals the district court's order construing his Fed. R.Civ.P. 60(b)(4) motion as a successive 28 U.S.C. § 2255 (2000) motion and dismissing the motion, and a subsequent district court order denying his motion for reconsideration and motion for a certificate of appealability. This court may grant a certificate of appealability only if the appellant makes a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2) (2000). When, as here, a district court dismisses a § 2255 motion on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Rose v. Lee*, 252 F.3d 676, 684 (4th Cir.) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000)), *cert. denied*, 534 U.S. 941, 122 S.Ct. 318, 151 L.Ed.2d 237 (2001). We have independently reviewed the record and conclude that Johnson has not made the requisite showing. *See Miller–El v. Cockrell*, 537 U.S. 322, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003).

We must construe Maxwell's notice of appeal and informal brief on appeal as an application to file a second or successive motion to vacate under 28 U.S.C. § 2255. *See United States v. Winestock*, —— F.3d ——, 2003 WL 1949822, at *7 (4th Cir. Apr.25, 2003). In order to obtain authorization to file a second motion to vacate, a movant must assert claims based on either: (1) a new rule of constitutional law, previously unavailable, made retroactive by the Supreme Court to cases on collateral review; or (2) newly discovered evidence that would be sufficient to establish by clear and convincing evidence that no reasonable fact-finder would have found the movant guilty of the offense. 28 U.S.C. §§ 2244(b)(3)(C), 2255 (2000). Maxwell's claims do not satisfy either of these conditions. Therefore, we decline to authorize Maxwell to file a successive § 2255 application.

We deny a certificate of appealability and dismiss the appeal. We further deny Maxwell's motion to vacate and remand the case back to district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*DISMISSED.*